875 F.2d 316
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Gertrude RICE, Widow of Charles R. Rice, Petitioner,
v.
TAYWOOD MINING COMPANY, Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents.
 No. 88-3204.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 10, 1989.
Decided May 3, 1989.
 
 Gertrude Rice, petitioner pro se.
 Paul Edwin Frampton, Bowles, McDavid, Graff & Love, Sylvia Theresa Kaser, Richard Zorn, United States Department of Labor, for respondents.
 Before K.K. HALL, PHILLIPS, and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Gertrude Rice appeals from the Benefits Review Board's decision and order affirming the administrative law judge's denial of benefits. Our review of the record and the Benefits Review Board's opinion discloses that this appeal is without merit. Accordingly, we affirm on the reasoning of the Benefits Review Board. Rice v. Taywood Mining Co., 85-03824-BLA (Oct. 31, 1988).
 
 
 2
 Rice contends in her informal brief that her husband had 23 years of coal mine employment. However, as the administrative law judge found, employment records submitted indicated only approximately 11 years of coal mine employment. Even if Rice had established 23 years of coal mine employment, it would have made no difference in this case. She was not entitled to either the 10-year presumption in 20 C.F.R. Sec. 718.303 or the 15-year presumption in Sec. 718.305, because those sections are not applicable to claims filed on or after January 1, 1982. See Sec. 718.303(c); Sec. 718.305(e). Further, the presumption under Sec. 718.306 was not applicable because it requires 25 years of coal mine employment prior to June 30, 1971, death must have occurred on or before March 1, 1978, and the claim must have been filed prior to June 30, 1982. See Sec. 718.306(a). None of these requirements were met.
 
 
 3
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 4
 AFFIRMED.